UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

ANNI VILLARROEL,

    Petitioner,

v.                                                          Case No: 5:24-cv-149-JSS-PRL

WARDEN OF FCI COLEMAN LOW,

    Respondent.
_____/

# ORDER

    Petitioner, a prisoner proceeding pro se, seeks a writ of habeas corpus under 28 U.S.C. § 2241. (Dkt. 1.) He claims that the Federal Bureau of Prisons (BOP) wrongly "took back" his time credits under the First Step Act (FSA). (*Id.* at 6.) Respondent counters that Petitioner is ineligible to apply his FSA credits because he is subject to a final order of removal. (Dkt. 10 at 1–2.) An evidentiary hearing is unnecessary because Petitioner's claim requires no further factual development. *See Turner v. Crosby*, 339 F.3d 1247, 1275 (11th Cir. 2003). For the reasons outlined below, the court dismisses the petition for writ of habeas corpus (Dkt. 1).

    Petitioner is serving a fifty-one-month sentence at Federal Correctional Institution (FCI) Coleman Low for possessing with intent to distribute cocaine while on board a vessel, in violation of 46 U.S.C. § 70503(a)(1), and for conspiring to possess with intent to distribute cocaine while on board a vessel, in violation of 46 U.S.C. § 70506(b). *See* Dkts. 43, 82, in Case No. 1:21-cr-20449-DMM-3 (S.D. Fla.).

    Petitioner asserts one ground for relief: that the BOP wrongfully revoked his FSA credits because he is subject to a final order of removal. (*See* Dkt. 1.) Petitioner

contends that he is not subject to a final order of removal, and he requests an order instructing the BOP to reinstate his FSA credits. (*Id.* at 6–7.) He also asks for monetary compensation for the period he was "unfairly detained." (*Id.* at 7.)

Habeas corpus is the "exclusive remedy" for prisoners seeking "'immediate or speedier release' from confinement." *Skinner v. Switzer*, 562 U.S. 521, 525 (2011) (quoting *Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005)). A section 2241 petition furnishes a basis to challenge the execution, as opposed to the validity, of a petitioner's sentence. *See McCarthan v. Dir. of Goodwill Indus.-Suncoast, Inc.*, 851 F.3d 1076, 1092–93 (11th Cir. 2017) (en banc) ("A prisoner sentenced by a federal court . . . may file a petition for a writ of habeas corpus to challenge the execution of his sentence, such as the deprivation of good-time credits . . . .)"). Petitioner claims entitlement to FSA credits that would result in a shortened sentence and his immediate release. (*See* Dkt. 1.) Therefore, his claim is properly brought under section 2241.

Under the FSA, federal prisoners may earn and apply time credits to any remaining time in custody or supervised release. 18 U.S.C. § 3632(d)(4)(A), (C). However, a prisoner who is "the subject to a final order of removal under any provision of the immigration laws" is "ineligible to apply time credits." 18 U.S.C. § 3632(d)(4)(E)(i). In addition, BOP regulations provide that "[f]or any inmate eligible to earn FSA [t]ime [c]redits" who is "[s]ubject to a final order of removal under immigration laws" of the United States, the BOP "may not apply FSA [t]ime [c]redits toward prerelease custody or early transfer to supervised release." 28 C.F.R. § 523.44(a)(2).

Petitioner is subject to a final order of removal under 8 U.S.C. § 1231(a)(5). (*See* Dkt. 10-1 at 2; Dkt. 10-2 at 2.) The final order of removal renders Petitioner ineligible to apply FSA credits to his sentence. Although Petitioner states that he does not have a final order of deportation, (Dkt. 1 at 6), the court credits the order of removal filed by Respondent, (*see* Dkt. 10-1 at 2; Dkt. 10-2 at 2). Because Petitioner has not been unfairly detained, he is not entitled to the requested monetary compensation in this habeas action.

Accordingly:

1. The petition for writ of habeas corpus (Dkt. 1) is **DISMISSED**.

2. The Clerk is **DIRECTED** to terminate any pending motions and deadlines and to close this case.

**ORDERED** in Orlando, Florida, on March 13, 2025.

_____<br>
JULIE S. SNEED<br>
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Unrepresented Parties
Counsel of Record